IN THE
UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | Criminal No. 4:20cr17 |
| v. | ) | |
| | ) | |
| CARL L. BURDEN, | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO WITHDRAW**

COMES NOW defendant's counsel, Rodolfo Cejas II, Assistant Federal Public Defender, and moves this Honorable Court for leave to withdraw as defendant's counsel in the above-captioned case. In support of this motion, counsel submits the below memorandum.

**Procedural History**

Defendant Carl L. Burden is charged with a variety of charges related to the alleged filing a false tax returns and failure to file a tax return. These include aiding in the reparation of false tax returns (Counts 1-30); theft of government funds, (Count 31), aiding and abetting (Count 31); and, failure to file a tax return (Counts 32-36). Mr. Burden made his initial appearance on March 12, 2020, and undersigned counsel was appointed. He was placed on an unsecured bond and appeared on March 16, 2020, with counsel for arraignment, entered not guilty pleas and waived speedy trial. The trial was originally scheduled with Judge Arenda L. Wright Allen to commence on September 29. 2020.  On June 5, 2020, the matter was reassigned to Judge David J.

Novak and a scheduling conference is set for July 27, 2020.

## Factual Background

Since being appointed, counsel has conferred with Mr. Burden on numerous occasions. Due to the ongoing challenges posed by the pandemic, counsel typically confers with Mr. Burden via telephone. On July 6, 2020, July 14, 2020, and July 23, 2020, counsel and a member of counsel's staff conferred with Mr. Burden. During these meeting it became increasingly apparent that Mr. Burden was dissatisfied with counsel's representation. On July 14 and July 23, Mr. Burden questioned counsel's competence and expertise. Mr. Burden also made disparaging remarks aimed at counsel's staff, who had been assisting in the defense and been present at the majority of meetings with Mr. Burden. Based on these interactions, it is counsel's belief that defendant no longer has confidence in the Office of the Federal Public Defender or counsel's ability or desire to adequately represent him. It appears to counsel that the relationship of trust and confidence between Mr. Burden and counsel, essential for the effective assistance of counsel at trial, has completely broken down. Counsel's belief was confirmed during the meeting on July 23, 2020, when Mr. Burden informed counsel of his desire to terminate the attorney-client relationship. Mr. Burden has indicated he hopes to have other counsel appointed.

## Law and Argument

Counsel has determined that his motion is appropriate under Rule 1.16 of the Virginia Rules of Professional Conduct. Counsel has explained to the defendant the implications of the filing of this motion and the procedures governing the motion and any hearing thereon. There are three factors this Court must consider when

determining whether to grant defense counsel's motion to withdraw: 1) the timeliness of the motion; 2) the Court must engage in an "adequate inquiry" into the defendant's complaint; and 3) whether the attorney-client conflict is so great as to result in a total lack of communication preventing an adequate defense. See *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994).

Counsel for defendant recognizes that his motion comes somewhat late in the trial schedule. However, the matter has been set outside of the speedy trial deadline due to the case's complexity and Mr. Burden has waived his right to a speedy trial. In addition, given the current state of court operations, the trial is likely to be rescheduled beyond the September 29, 2020 trial date. Finally, Counsel's request has been filed as soon as practicable after the meeting which took place on July 23, 2020, at which time the attorney-client relationship finally broke down and Mr. Burden communicated his wishes to terminate the relationship. Finally, the case has not been previously continued and there have been no previous requests of this nature whatsoever.

In the *Mullen* case previously cited, the court discussed the considerations involved in ruling on motions to withdraw and contrasted the case with cases involving defendants who attempted to manipulate or abuse the right to counsel, stating as follows:

> Most such cases involve a motion for substitution made shortly before or during trial, multiple substitutions, or both .... The government has not pointed us to any case where an appellate court upheld a trial court's denial of a defendant's timely request for his or her first substitution and appointment of counsel.

*Mullen*, 32 F.3d at 897-898.

In its footnoted reference, the court cited examples of cases in which defendants attempted to manipulate or abused the right to counsel:

> The cases cited by the government are representative of the typical case when substitution of counsel is denied. *E.g., Hanley, supra* (defendant, who had already received three continuances and four appointed lawyers, tried to force his fourth lawyer to quit one week before trial); *Gallop, supra* (five days before trial defendant sought to replace his second appointed lawyer); *United States v. Harris,* 2 F.3d 1452 (7th Cir.) (defendant, who was on his third appointed lawyer and fourth overall, discharged his fourth lawyer on the morning of trial; court held that defendant was not denied his right to counsel by having to proceed *pro se* ), *cert. denied,* 510 U.S. 982, 114 S.Ct. 481, 126 L.Ed.2d 432 (1993); *United States v. Pina,* 844 F.2d 1 (1st Cir.1988) (on sixteenth day of trial, *pro se* defendant sought an appointed lawyer, but he would not accept one from the federal public defender's office); *United States v. Hillsberg,* 812 F.2d 328 (7th Cir.) (defendant moved for a substitution at the beginning of the trial), *cert. denied,* 481 U.S. 1041, 107 S.Ct. 1981, 95 L.Ed.2d 821 (1987); *United States v. Moore,* 706 F.2d 538 (5th Cir.) (defendant, who was on his fourth appointed lawyer, moved four days before trial for a new appointed lawyer), *cert. denied,* 464 U.S. 859, 104 S.Ct. 183, 78 L.Ed.2d 163 (1983); *United States v. Davis,* 604 F.2d 474 (7th Cir.1979) (on the morning of trial, defendant, who had gone through one privately retained lawyer and three appointed lawyers, dismissed his lawyer and asked for the appointment of one particular lawyer).

*Mullen*, 32 F.3d at 897-898 n.3.

Finally, this motion is not filed without prior due consideration. As a general matter, the Office of the Federal Public Defender does not like to file these sort of motions. Mr. Burden has a defense team, who has been patient with him, making efforts to address and satisfy his concerns. Unfortunately, the efforts were not successful and rejected by Mr. Burden, such that this motion has to be filed.

Accordingly, defense counsel respectfully request that the Court exercise its discretion and grant this motion, ordering the withdrawal of counsel and the Office of

the Federal Public Defender.

Mr. Burden is on bond and there have been no previous requests for new counsel. Counsel has contacted Assistant United States Attorneys, Brian Samuels and Grace Albiston. They have not expressed an opinion on counsel's motion. Counsel requests that the Court exercise its discretion and grant this motion and order the withdrawal of counsel and the Office of the Federal Public Defender.

                                      Respectfully submitted,

                                      CARL L. BURDEN

                                      By_____/s/_____
                                      Rodolfo Cejas II, Esquire
                                      Virginia Bar No.: 27996
                                      Attorney for Carl L. Burden
                                      Office of the Federal Public Defender
                                      150 Boush Street, Suite 403
                                      Norfolk, Virginia 23510
                                      Ph.:757-457-0800
                                      Fax: 757-457-0880
                                      Rodolfo_cejas@fd.org

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd day of July, 2020, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By_____/s/_____
Rodolfo Cejas II, Esquire
Virginia Bar No.: 27996
Attorney for Carl L. Burden
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
Ph.:757-457-0800
Fax: 757-457-0880
Rodolfo_cejas@fd.org