IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 4:20cr17 |
| | ) | |
| KARL BURDEN-EL BAY, | ) | |
|    a/k/a Carl L. Burden, | ) | |
| | ) | |
|    Defendant. | ) | |

**DEFENSE COUNSEL'S MOTION TO WITHDRAW
AND FOR APPOINTMENT OF NEW COUNSEL**

Defense counsel, Laura P. Tayman, hereby moves this Court for leave to withdraw as counsel for Defendant Karl Burden-El Bay in this case. Counsel respectfully requests that the Court appoint new counsel to represent Mr. Burden-El Bay because a complete breakdown in communication and in the attorney-client relationship has made it impossible for defense counsel to provide the effective assistance of counsel to which Mr. Burden-El Bay is constitutionally entitled. In the alternative, defense counsel respectfully requests that the Court inquire of Mr. Burden-El Bay as to whether he wishes to waive his constitutional right to the assistance of counsel at all stages of the proceedings and pursuant to *Feretta v. California*, 422 U.S. 806 1975) assert his right to self-representation.

On March 10, 2020, Mr. Burden-El Bay was charged by indictment with thirty-six counts related to violations of the tax laws, including; aiding and abetting the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2) (Counts One through Thirty), theft of government funds, in violation of Title 18, United States Code, Section 641 (Count Thirty-One), and failure to file tax returns, in violation of Title 26, United States Code, Section 7203 (Counts Thirty-Two to Thirty-Six). The general allegations in support of Count One of the

1

Indictment allege that Mr. Burden-El Bay, from at least January 2013, was preparing IRS Forms 1040, U.S. Individual Income Tax Returns, for others in exchange for fees.

Mr. Burden-El Bay made his initial appearance before the Court on March 12, 2020, requested the appointment of counsel, and the Office of the Federal Public Defender was appointed to represent him. On March 16, 2020 Mr. Burden-El Bay was arraigned, he entered a plea of not guilty, and waived his right to be present at motions hearings. At arraignment Mr. Burden-El Bay waived his right to a speedy trial and trial was scheduled for September 29, 2020. On July 23, 2020, Assistant Federal Public Defender Rodolfo Cejas moved to withdraw from the case after Mr. Burden-El Bay expressed a lack of confidence in Mr. Cejas and the defense team at the Federal Public Defender's Office. At a hearing on July 31, 2020, the Court granted Mr. Cejas' motion and the undersigned was appointed under the Criminal Justice Act to represent Mr. Burden-El Bay. The Court, with Mr. Burden-El Bay's consent, continued the trial until February 1, 2021.

On September 9, 2020, the Government filed a motion to amend the indictment to reflect Mr. Burden-El Bay's correct legal name. (ECF 26). Defendant Burden-El Bay filed a response on September 22, 2020 opposing the motion. (ECF 27). On October 5, 2020, the Court entered an Order granting the Government's motion to amend the name on the indictment. (ECF 28). On October 6, 2020, the Court entered an Order directing the parties to notify the Court whether they objected to the trial being moved from Newport News to the United States District Courthouse in Richmond, Virginia, and to file case-specific questions for a juror questionnaire. (ECF 29).

Counsel met with Mr. Burden-El Bay at the Newport News courthouse on July 31, 2020 following the hearing. On August 27, 2020, and again on September 16, 2020, Mr. Burden-El Bay met with counsel for extended periods in person at her Newport News office to review substantial discovery materials and discuss the case. Counsel provided Mr. Burden with a written inventory

of all of the discovery materials provided by the Government. Mr. Burden-El Bay and counsel have also had substantive meetings to discuss the case by scheduled teleconferences on August 6, 2020; August 13, 2020; September 10, 2020; September 21, 2020; and September 22, 2020. Prior to September 23, 2020, defense counsel regularly emailed and called Mr. Burden-El Bay and often received responses to her emails and telephone messages. At all times during the representation counsel has been flexible and considerate of Mr. Burden-El Bay's needs as related to his disability. During the time that counsel has represented Mr. Burden-El Bay, counsel has also conferenced with the Department of Justice Tax Division attorneys prosecuting the case on at least three different occasions.

Since September 23, 2020, Mr. Burden-El Bay has made it clear that he does not trust counsel and is now completely refusing to meet with counsel or communicate with counsel. Numerous efforts have been made to reopen the lines of communication, but Mr. Burden El-Bay has steadfastly refused to communicate. On September 29, 2020, Mr. Burden-El Bay was aware of a scheduled office meeting with defense counsel but refused to meet with counsel in person. Since October 1, 2020, Mr. Burden-El Bay has been refusing to answer telephone calls from counsel or return any of the telephone messages left by counsel asking Mr. Burden-El Bay to respond. Since October 5, 2020, Mr. Burden-El Bay has refused to respond to most emails sent by counsel and has expressed that he lacks confidence in counsel's willingness to represent his interests. Mr. Burden-El Bay refused to acknowledge a meeting scheduled with counsel for October 13, 2020, and he failed to appear for the in-person meeting at the scheduled date and time. Instead, on October 13, 2020, Burden-El Bay sent counsel an email with no written content, but with a document attached indicating that he is terminating the attorney-client relationship.

Counsel cannot continue with this representation due to the breakdown in the attorney-client relationship and Mr. Burden-El Bay's refusal to communicate with counsel. The complete breakdown in communication directly impacts counsel's ability to represent Mr. Burden-El Bay's interests. Prior to the breakdown in communication, counsel endeavored to fully advise Mr. Burden-El Bay regarding the elements of the offenses charged, factual information in the discovery materials and their application to the offenses charged, any defenses he might have to the charges, procedure with respect to pretrial proceedings and a jury trial, his rights under the Constitution, including the rights he would be giving up if he elects to plead guilty, the proceedings that would occur if he elects to plead guilty, and the factors that may apply at sentencing, including factors under the United States Sentencing Guidelines and the statutory factors which this Court would consider. Mr. Burden-El Bay's current refusal to meet with counsel and discuss the case makes it impossible for Mr. Burden-El Bay and counsel to communicate about the important decisions that need to be made in the case, including the decision whether to accept or reject the Government's plea offer.

Since September 24, 2020, the breakdown in communication is fundamental. The Government is requiring a decision from Mr. Burden-El Bay regarding a plea offer, and Mr. Burden-El Bay has refused to meet with counsel, or to engage in logical discussions with counsel either by telephone or email regarding his decision. Mr. Burden-El Bay's conduct has firmly communicated to counsel that the breakdown in communication is irrevocable and that no accommodation or empathy from counsel will repair the attorney-client relationship. The relationship of trust and confidence between Mr. Burden-El Bay and counsel, which is essential for the effective assistance of counsel, has completely broken down. On October 13, 2020, Mr. Burden-El Bay communicated that his relationship with counsel was terminated. Counsel has

determined that this motion is appropriate under Rule 1.16 of the Virginia Rules of Professional Conduct.

This Court must consider three factors when determining whether to grant defense counsels' motion to withdraw: 1) the timeliness of the motion; 2) the Court must engage in an "adequate inquiry" into the defendant's complaint; and 3) whether the attorney/client conflict is so great as to result in a total lack of communication preventing an adequate defense. *See United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). In *Mullen*, the court discussed the considerations involved in ruling on a motion to withdraw and contrasted Mullins' case with cases involving defendants who attempted to manipulate or abuse the right to counsel. *Id.* at 897-98.

This motion is not filed without due consideration. Trial is not scheduled to begin until February 1, 2021, but this is not simply a situation where Mr. Burden-El Bay is not getting along with counsel. Mr. Burden-El Bay has essentially terminated the attorney-client relationship by refusing to meet with counsel or engage in any logical discussions. While counsel is aware that it is within the Court's broad discretion whether to allow a motion for substitution of counsel, and is aware of the previous change of counsel in this case, there has been a complete breakdown in communication and the attorney-client relationship. Counsel is not arguing that Mr. Burden-El Bay has forfeited his right to counsel, but is requesting the appointment of new counsel. *United States v. Horton*, 693 F.3d 463, 466-67 (4th Cir. 2012); *see also, United States v. Ductan*, 800 F.3d 642, 645-53 (4th Cir. 2015) (making "nonsense statements" and frivolous arguments is not a basis to deem waiver of the right to counsel). Despite the fact that there was previously a change of counsel, trial is not scheduled until February 1, 2021, and it is appropriate for the Court to inquire now so that new counsel will have an adequate opportunity to prepare for trial.

On October 14, 2020, counsel contacted Department of Justice Tax Division Attorneys

Grace Albinson and Francesca Bartolomay, who are prosecuting this case on behalf of the Government. On October 15, 2020, the Government attorneys indicated that they are opposed to this motion to withdraw. Although the Government opposes this motion, at this time there is a complete breakdown of communication, indeed a complete refusal to communicate, which is preventing counsel from providing the effective assistance of counsel as required by the Constitution.

Counsel respectfully requests that she be granted leave to withdraw and that the Court direct the Clerk to appoint new counsel for Mr. Burden-El Bay.

Respectfully submitted,

KARL BURDEN-EL BAY

By: /s/
Laura P. Tayman
Virginia State Bar No.: 39268
Attorney for Defendant Burden-El Bay
Laura P. Tayman, PLLC
11815 Fountain Way, Suite 300
Newport News, Virginia 23606
Telephone Number: (757) 926-5277
Facsimile No. 757-544-9870
Email Address: Laura@TaymanLaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on October 15, 2020, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to the following and all counsel of record:

Francesca L. Bartolomey
Trial Attorney
Grace E. Albinson
Trial Attorney
Department of Justice, Tax Division

150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, DC  20002
Tel. (202) 305-8803
Email: Francesca.L.Bartolomey@usdoj.gov
Email: Grace.E.Albinson@usdoj.gov

              /s/
            Laura P. Tayman, Esq.
            Virginia State Bar No. 39268
            Counsel for Defendant Burden-El Bay
            Laura P. Tayman, PLLC
            11815 Fountain Way, Suite 300
            Newport News, Virginia 23606
            Telephone No. 757-926-5277
            Facsimile No.  757-544-9870
            Laura@TaymanLaw.net