IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Newport News Division*

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                          )   CRIMINAL NO. 4:20cr17 (DJN)<br>)<br>KARL BURDEN-EL BEY,           )<br>  a/k/a Carl L. Burden,              )<br>)<br>  Defendant.                             ) | |

**DEFENDANT BURDEN-EL BEY'S RESPONSE TO
GOVERNMENT'S MOTIONS IN LIMINE (ECFs 55 and 56) AND
OBJECTIONS TO GOVERNMENT PROPOSED *VOIR DIRE* (ECF 57)**

Defendant Karl Burden-El Bey, by and through appointed counsel, Laura P. Tayman, respectfully responds to the government's motions *in limine* (ECFs 55 and 56), provides the Court with the defendant's position on the government's intention to offer non-redacted government exhibits during trial, and files his objections to the government's proposed *voir dire* (ECF 57).

As an initial matter, counsel for Mr. Burden-El Bey notes that if Mr. Burden-El Bey is representing himself at trial, a number of jury instructions and *voir dire* questions will need to be revised to reflect that Mr. Burden-El Bey does not have counsel but has exercised his constitutional right to represent himself.

    **I.**    **Response to Government Motion *in Limine* to Admit Certified Records (ECF 55)**

Counsel understands the requirements of Fed. R. Evid. 902 and does not oppose the admission of certified public documents or certified records of regularly conducted business activity assuming that the records are otherwise determined to be relevant. The government has made the records and the certificate(s) available for inspection as required under the Federal Rules of Evidence and the defense has had a reasonable opportunity to investigate the authenticity of the documents. According, Mr. Burden-El Bey does not oppose the Government's motion *in limine* to

1

admit certain certified records without the necessity of calling a custodian of the records, subject of course to the Government establishing the relevance of the documents at trial.

   II.      **Response to Government Motion *in Limine* to Exclude Arguments (ECF 56)**

The government has filed a motion *in limine* designed to limit the defense evidence and legal arguments which challenge "the constitutionality or legal authority of the Sixteenth Amendment, the Internal Revenue Code, and the Treasury regulations" or otherwise challenge the "Court's jurisdiction and authority." This motion is clearly directed towards a *pro se* defense that Mr. Burden-El Bey may pursue. While Mr. Burden-El Bey has clearly and unequivocally expressed his desire to terminate counsel's representation, this Court has not determined whether he is knowingly and voluntarily exercising his constitutional right to self-representation pursuant to *Faretta v. California*, 422 U.S. 806 (1975). Accordingly, counsel is continuing to diligently prepare for trial and is endeavoring to conscientiously represent Mr. Burden-El Bey's interests.

The Court has issued an Order indicating that it will determine at the Final Pretrial Conference on June 18, 2021, whether to grant counsel's second motion to withdraw. After it is determined that Mr. Burden-El Bey is proceeding *pro se*, it would be appropriate for the Court to inquire of Mr. Burden-El Bey regarding his position on this motion *in limine.* Counsel respectfully requests that the Court grant Mr. Burden-El Bey a reasonable opportunity to file a response to the government's motion *in limine* (ECF 56).

   III.     **Position Regarding Government's Use of Non-Redacted Trial Exhibits**

A joint motion for protective order has been filed and granted by this Court. (ECFs 53 and 61). This protective order will allow counsel to provide Mr. Burden-El Bey with copies of all non-redacted discovery materials and government exhibits provided by the government to his counsel. The order is appropriate so that Mr. Burden-El Bey, who has evidenced a clear and unequivocal

intention to terminate the services of defense counsel, can adequately prepare for trial. In light of this protective order, at the Final Pretrial Conference scheduled for June 18, 2021, counsel expects to provide Mr. Burden-El Bey with non-redacted electronic copies of all discovery materials and trial exhibits.

Because Mr. Burden-El Bey will have full access to non-redacted exhibits, counsel on his behalf does not oppose the government's request to use non-redacted exhibits at trial. Mr. Burden-El Bey understands that the government will substitute redacted trial exhibits at the conclusion of trial. These redactions are expected to include portions of sensitive personal identifying information, including full bank accounts numbers and social security numbers.

### IV. Objections to Government's Proposed *Voir Dire* (ECF 57)

A comprehensive juror questionnaire was completed and returned to the Court by all prospective members of the jury panel. The Court's Order Directing these Questionnaires (ECF 43) indicated that the Court will conduct in-person *voir dire* in multiple separate panels on July 6, 2021. The Order indicates that the jurors selected will be required to report to the "Richmond" Courthouse on July 7, 2021. ECF 43, at 3. Mr. Burden-El Bey respectfully requests that the trial remain at the Newport News Courthouse and asks for clarification on this point at the Final Pretrial Conference.

Due to the substantial juror questionnaires already completed, Mr. Burden-El Bey respectfully requests that the in-person *voir dire* simply reinforce the legal principles already explained in the questionnaires and he disagrees with the government that a full and complete *voir dire* process should be undertaken. Rather, Mr. Burden-El Bey contends that in-person *voir dire* should allow prospective jurors to supplement, correct or amend their prior answers and should allow for follow-up questions to clarify answers to the juror questionnaire as appropriate.

Mr. Burden-El Bey also specifically objects to the government's proposed questions 15 through 26, as these questions were substantially asked in connection with the lengthy juror questionnaires already completed. Mr. Burden-El Bey further submits that any questions asked regarding prospective jurors' opinions and bias regarding the IRS and tax laws should generally be asked in a fair and even-handed way. Specifically, Mr. Burden-El Bey contends that all questions regarding bias towards the IRS or tax laws should be asked in a way that inquires not only about bias against the IRS, but also against persons who are charged with evading their tax responsibilities.

Mr. Burden-El Bey also specifically objects to the government's proposed questions 39 through 41, seeking *voir dire* questions regarding the defendant's waiver of his right to representation by counsel and the role of standby counsel. If the defendant elects to exercise his constitutional right to self-representation, the jurors should not be told that the Court advised him he would be "disadvantaged in representing himself since he is not trained as an attorney" or that "the attorneys for the United States must treat him as if he were trained as an attorney." ECF 57, at 8. Rather, they should simply be instructed as a matter of law that Mr. Burden-El Bey's decision to represent himself should not enter into their deliberations if selected as jurors. It may be appropriate during *voir dire* to ask whether anyone would be unable to follow this instruction of law, but nothing more is called for. Additionally, Mr. Burden-El Bey specifically objects to proposed questions 40 and 41 and contends that the presence or role of standby counsel is not appropriate for *voir dire*. It is for the Court to determine during the course of trial whether or not any comment or instruction about the role of standby counsel is appropriate.

V.     **Conclusion**

Wherefore, Mr. Burden-El Bey respectfully files this response to government's motions *in limine* (ECF 55 and 56), states his position regarding the government's proposed use of non-redacted trial exhibits, and files his objections to the government's proposed *voir dire* (ECF 57).

Respectfully submitted,
KARL BURDEN-EL BEY

By: _____/s/_____
Laura P. Tayman
Virginia State Bar No.: 39268
Attorney for Defendant Burden-El Bey
Laura P. Tayman, PLLC
11815 Fountain Way, Suite 300
Newport News, Virginia 23606
Telephone Number: (757) 926-5277
Facsimile No.  757-544-9870
Email Address: Laura@TaymanLaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send an electronic notification (NEF) of such filing to all counsel of record, including:

Francesca L. Bartolomey
Trial Attorney
Grace E. Albinson
Trial Attorney
Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, DC  20002
Tel. (202) 305-8803
Email: Francesca.L.Bartolomey@usdoj.gov
Email: Grace.E.Albinson@usdoj.gov

Lisa R. McKeel
Assistant United States Attorney
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Tel. (757) 591-4000

Email: Lisa.McKeel@usdoj.gov

                                  /s/
Laura P. Tayman, Esq.
Virginia State Bar No. 39268
Counsel for Defendant Burden-El Bey
Laura P. Tayman, PLLC
11815 Fountain Way, Suite 300
Newport News, Virginia 23606
Telephone No. 757-926-5277
Facsimile No. 757-544-9870
Laura@TaymanLaw.net