IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Newport News Division

UNITED STATES OF AMERICA,

v.  Criminal No. 4:20cr17 (DJN)

KARL BURDEN-EL BEY,
    a/k/a Carl L. Burden,
    Defendant.

**MEMORANDUM ORDER**
**(Addressing Defendant's Submission & Defense Counsel's Motion to Withdraw)**

This matter comes before the Court on Defendant Karl Burden-El Bey's uncounseled Submission (ECF No. 46), as well as his attorney's Second Motion by Defense Counsel for Leave to Withdraw (ECF No. 47). For the reasons that follow, as well as those stated on the record during the Final Pretrial Conference, the Court hereby DENIES both the Submission (ECF No. 46) and the Second Motion for Leave to Withdraw (ECF No. 47).

## I. BACKGROUND

An indictment charges Defendant Karl Burden-El Bey ("Defendant") with thirty-six counts of tax-related offenses. Defendant made his initial appearance on March 12, 2020, at which point Rodolfo Cejas from the Federal Public Defender's Office was appointed as counsel. Over the course of his representation, Mr. Cejas asserted that the relationship of trust and confidence between Defendant and counsel had completely broken down. Ultimately, during a July 23, 2020 meeting with Mr. Cejas, Defendant informed Mr. Cejas of his desire to terminate the attorney-client relationship. Defendant indicated that he wished to have other counsel appointed.

On July 31, 2020, the Court conducted a hearing on the motion, during which Mr. Cejas repeated that Defendant had been belligerent to him and his staff and that he thought it prudent that the Court appoint new counsel. The Court granted Mr. Cejas's Motion to Withdraw as Attorney in a subsequent Order. (ECF No. 24.) In that Order, as well as during the hearing, the Court "caution[ed] Defendant that in the future, the Court will not grant any additional appointments of counsel." (ECF No. 24.) The Court then appointed Laura P. Tayman to represent Defendant. (ECF No. 24.)

Months later, on October 15, 2020, Ms. Tayman filed her first Motion to Withdraw (ECF No. 31). In that Motion (ECF No. 31), Ms. Tayman stated that the attorney-client relationship had completely deteriorated, owing to Defendant's refusal to communicate with her.

On November 5, 2020, the Court held a hearing on the motion, during which it engaged in an inquiry into Defendant's complaint. The Court reiterated to Defendant that the Court would not appoint a third attorney to represent him, and afforded Defendant an opportunity to consult with Ms. Tayman and his daughter in light of that renewed admonition. Defendant accepted that opportunity and the Court recessed. When the Court came back in session, Defendant stated that he would resume communication with Ms. Tayman and that he would like for her to remain his attorney. Accordingly, the Court denied the motion (ECF No. 41).

On May 25, 2021, Defendant, not through counsel, filed a 47-page document (the "Submission") with the Court in which he attempted to terminate the attorney-client relationship. (ECF No. 46.) Among other things, the Submission asserts that Defendant "[is] a free born sovereign individual, without subjects," and that he "no longer required" the "services provided by Laura P. Tayman, Esq." (Submission, at 1, 15.) Upon first receiving the Submission, the Court, out of an abundance of caution, construed it as a request to proceed pro se and ordered

Ms. Tayman to file a response. (ECF No. 45.) After further review, however, the Court determined that Defendant never actually expressed a desire to proceed pro se. Indeed, in at least one passage, he appears to disavow such an intent. (Submission, at 43) ("I am Sui Juris and demand that Pro Se not be applied to the record, I am not representing Pro Se, nor Pro anything, and never want to be or should be considered a part of that traitors' group calling themselves attorney's.") Moreover, Defendant actually invoked the right to counsel in several different paragraphs. (Submission, at 20, 33, 43) ("I . . . retain all right, including the right to settle all debts and claims, to the assistance of Counsel guaranteed by the Amendment VI to the Constitution.")

Following Defendant's submission, Ms. Tayman filed the instant Motion (ECF No. 47), moving to withdraw as Defendant's counsel for a second time. In her Motion, Ms. Tayman stated that Defendant has refused to communicate with her since March 10, 2021. As for relief sought, Ms. Tayman asked the Court to inquire of Defendant whether he wished to waive his right to counsel and to proceed pro se pursuant to *Faretta v. California*, 422 U.S. 806 (1975).

On June 22, 2021, the Court held a Final Pretrial Conference. During that hearing, the Court addressed Defendant's submission (ECF No. 46) and Ms. Tayman's Motion (ECF No. 47). First, the Court asked Ms. Tayman whether she believed that Defendant remained competent to waive the right to counsel. Ms. Tayman represented her view that Defendant was competent to waive his right to counsel under the standards set forth in the Fourth Circuit's recent opinion in *United States v. Ziegler*, __ F.3d __, 2021 WL 2409845 (4th Cir. June 14, 2021). The Court then engaged Defendant in a colloquy to provide him with an opportunity to explain his dissatisfaction with Ms. Tayman. During that colloquy, Defendant stated that his dissatisfaction stemmed from his inability to "speak freely," and consistently attempted to argue that the Court

3

lacks jurisdiction over him.[1] Defendant further indicated that he did not want to proceed with Ms. Tayman. When the Court then asked Defendant how he wanted to proceed, Defendant claimed to be "working with lawyers." However, upon further questioning, Defendant admitted that he wanted a nonlawyer, named Carletta Crocker, to represent him for purposes of the upcoming trial. The Court informed Defendant that he could not have a nonlawyer represent him. At no point during the hearing did Defendant assert his right to represent himself.

## II. ANALYSIS

To begin, the Court must ascertain the appropriate legal framework to apply to Defendant's Submission and Ms. Tayman's attendant Motion to Withdraw. Although the Submission proves difficult to interpret, it appears sufficiently clear that Defendant seeks to terminate his relationship with Ms. Tayman as a result of her unwillingness to pursue frivolous sovereign citizen-type arguments. However, Defendant has not expressed a desire to proceed pro se, and he has not retained another lawyer to represent him. Instead, Defendant asks that a nonlawyer take up his case.[2] As such, Defendant has not charted a legally viable alternative to his continued representation by Ms. Tayman. Accordingly, the Court first assesses whether Defendant has successfully divested himself of Ms. Tayman's representation through an invocation of *Faretta* rights. Concluding that he has not, the Court then turns to an analysis of the *Mullen* framework to evaluate whether a substitution of counsel proves appropriate.

### A. *Defendant has not successfully invoked his Faretta rights.*

Under well-settled law, a successful invocation of the right to self-representation must be: (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and, (3) timely. *United States*

---

[1] Defendant espouses a "sovereign citizen" belief system.
[2] Obviously, a nonlawyer cannot represent another party before this Court. *See* Local Criminal Rule 57.4.

4

*v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000); *see also Faretta v. California*, 422 U.S. 806, 819 (1975) (recognizing the right to self-representation). "The requirement that a request for self-representation be clear and unequivocal [ ] prevents a defendant from taking advantage of and manipulating the mutual exclusivity of the rights to counsel and self-representation." *Id.* at 559. Indeed, a defendant has not clearly and unequivocally invoked his *Faretta* rights when his request to proceed without counsel amounts more to a "manipulative effort by [the defendant] to assert [frivolous] defenses" than "an unequivocal desire to invoke his right of self-representation." *Id.* at 560; *see also United States v. Tucker*, 537 F. App'x 257, 265 (4th Cir. 2013) (finding no error when court denied defendant the right to proceed pro se, because "[a] court is not required to grant a motion for self-representation where the defendant's motivation is to file frivolous motions that appointed counsel would not file."). Moreover, "in ambiguous situations created by a defendant's vacillation or manipulation," the court should "ascribe a 'constitutional primacy' to the right to counsel." *United States v. Bush*, 404 F.3d 263, 271 (4th Cir. 2005) (quoting *Frazier-El*, 204 F.3d at 558-59.)

Here, the Court finds, as a matter of fact, that Defendant's stated intention of terminating the services of Ms. Tayman results not from any legitimate dissatisfaction with her performance, but instead from Defendant's desire to advance meritless arguments relating to the Court's Article III jurisdiction. Indeed, Defendant failed to identify any specific grievance with Ms. Tayman's representation. And to be sure, the record reveals that Ms. Tayman has zealously advocated on Defendant's behalf. Among other things, Ms. Tayman successfully argued for the inclusion of a jury instruction over the Government's objection, participated fully in the pretrial and jury selection process and has filed briefs on two Motions in Limine (ECF Nos. 60, 63).

Additionally, the Court found Ms. Tayman thoroughly prepared to discuss a variety of issues during the Final Pretrial Conference.

Yet, despite his failure to specify why he no longer wished Ms. Tayman to represent him, Defendant nonetheless repudiated an intent to proceed pro se. Instead, he asked the Court to allow a nonlawyer to represent him. But Defendant makes this legally untenable request at the eleventh hour, after having already vacillated on this issue following the Court's colloquy back in November 2020.

In short, Defendant has not unequivocally shown a genuine desire to represent himself. Rather, he has undertaken a consistent effort to manipulate the legal system by engaging, disengaging, reengaging, and then disengaging again with Ms. Tayman — all the while claiming that he is a sovereign citizen exempt from the laws of the United States. Accordingly, the Court finds that Defendant has not clearly and unequivocally invoked his right to self-representation.

Finally, even if Defendant had moved to proceed pro se in a clear and unequivocal manner, the Court would still find that Defendant's request proves untimely. As the Court explained during the Final Pretrial Conference, the Coronavirus-19 ("COVID-19") pandemic has imposed extraordinary logistical burdens on the administration of jury trials. Accordingly, the Court has taken a series of measures to mitigate the threat posed by the pandemic, to include the use of a jury questionnaire that the parties rely on in lodging strikes for cause during the Final Pretrial Conference.[3] Given as much, trial began during the hearing on June 22, 2021, when the Court and the parties commenced the process of selecting a jury. Defendant's last-minute attempt to discharge his lawyer thus qualifies as untimely. *United States v. Lawrence*, 605 F.2d

---

[3] The questionnaires help reduce the number of prospective jurors who would otherwise be summoned to appear at the courthouse by allowing the parties to exercise strikes for cause before the prospective jurors are summoned.

1321, 1324 (4th Cir. 1979) ("after trial has begun the grant or denial of the right to proceed pro se rests within the sound discretion of the trial court.").

### B. Defendant has not shown that the Court should terminate Ms. Tayman's representation under the Mullen framework.

A criminal defendant does not have an absolute right to the counsel of his choosing. *United States v. Mullen*, 32 F.3d 891, 895 (4th Cir. 1994). "The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule." *United States v. Gallop*, 838 F.2d 105, 107-08 (4th Cir. 1988); *abrogated on other grounds as recognized in United States v. Ductan*, 800 F.3d 642, 652 (4th Cir. 2015). When moving for substitute counsel, a defendant must show good cause. *Mullen*, 32 F.3d at 895. Generally, good cause exists when a denial of substitute counsel would result in denying the defendant a constitutionally adequate defense. *United States v. Johnson*, 114 F.3d 435, 443 (4th Cir. 1997). Relevant here, courts will not tolerate the use of motions to substitute counsel filed to manipulate or delay proceedings, or otherwise hamper the prosecution. *Mullen*, 32 F.3d at 895. Indeed, the trial court has broad discretion to deny a request to substitute counsel when the defendant's own misbehavior generates the breakdown in the attorney-client relationship. *See, e.g., United States v. Smith*, 640 F.3d 580, 591 (4th Cir. 2011) ("a court can properly refuse a request for substitution of counsel when the defendant's own behavior creates the problem.") (citing *United States v. DeTemple*, 162 F.3d 279, 289 (4th Cir. 1998)).

For the reasons explained above, the Court finds that Defendant bears sole responsibility for the breakdown in the attorney-client relationship. And, as already discussed, Defendant generated that breakdown so that he could advance meritless arguments. Therefore, to the extent

that Defendant seeks to terminate Ms. Tayman under the *Mullen* rubric, the Court rejects that effort as a manipulative attempt to raise frivolous arguments.

In any event, the Court observes that communication between Defendant and Ms. Tayman resumed during the Final Pretrial Conference. Specifically, after the Court had orally denied Ms. Tayman's Motion, Defendant began passing notes to her while the two sat together at counsel table. In addition, at the end of the hearing, Defendant asked Ms. Tayman to cite two cases for the record, which she did. Accordingly, Defendant has the capacity to, and in fact did, reengage with Ms. Tayman once the Court ruled that Ms. Tayman would remain his lawyer. The Court therefore does not believe that a breakdown in the attorney-client relationship, sufficient to prevent the mounting of an adequate defense, has transpired.

### III. CONCLUSION

For these reasons as well as those stated on the record during the Final Pretrial Conference, the Court hereby DENIES Defendant's Submission (ECF No. 46) as well as Ms. Tayman's Second Motion for Leave to Withdraw (ECF No. 47).

Let the Clerk file a copy of this Order electronically and notify all counsel of record.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 24, 2021