Date: June 29, 2021

To: Fernando Galindo, Clerk of Court

RECEIVED

2021 JUL -1  A 10: 46

CLERK U.S. DISTRICT COURT
NEWPORT NEWS, VIRGINIA

UNITED STATES DISTRICT COURT
Newport News Division
2400 West Avenue
Newport News, VA 23607

Re: **Motions and Notices filing**

Dear Mr. Galindo,

      As Trustee of the expressed trust CARL LINWOOD BURDEN, LLC. ©®™d/b/a CARL BURDEN Estate trust, The Trustee files the following Notices and Motions:

1. **3rd Motion For Removal of Counsel**
2. **Motion for Judicial Recusal/Disqualification**
3. **Motion for Continuance**

      Please accept, stamp, file and place them upon the public records . I have enclosed extra copies of each document above and ask that you stamp them "filed" and return to me for my records.

      TAKE NOTICE THAT, have received prior Notices to Clerk of the filing of document received and the penalties thereof. If you once again refuse to file my documents this would be other count violation charge that I can file for such.

      Thank you for your assistance in this matter, should you have any questions or need anything further, please let me know.

Sincerely
Without Prejudice  UCC 1 – 308

By: _____ ©®™

Karl – Burden: EL Bey, Beneficiary, 1st lien holder, and Trustee
For the Expressed trust CARL LINWOOD BURDEN, LLC. ©®™
d/b/a CARL BURDEN©®™

1   **To: The Public, file on the Public Record**
2   **Jurisdiction of the Court: Commerce**
3   **Karl-burden: el bey**
4   **c/o 804 Grimes Road**
5   **Hampton, Virginia**
6   **Sui Juris**

7   Hand-Delivered

8                    UNITED STATE DISTRICT COURT
9                FOR THE EASTERN DICTRICT OF VIRGINIA
10                      NEWPORT NEWS DIVISION

11

12   UNITED STATE S OF AMERICA        §      CASE # : 4:20-CR-00017

13                      Plaintiff     §                    **NOTICE (3r^d)**

14        Vs                          §      **TERMINATION OF SERVICES**

15   CARL LINWOOD BURDEN              §      3rd MOTION FOR REMOVE COUNSEL

16           Defendant                §      MOTION FOR JUDICIAL

17   RECUSAL/DISQUALIFICATION

18                                    §      MOTION FOR CONTINUANCE

19

20              **MOTION FOR REMOVAL OF COUNSEL**

21        COMES NOW, karl-burden: el-bey (QOB) a living Soul, a man, Sui Juris; non-agent, non-

22   representative, one of the people and not the Trust known as CARL LINWOOD BURDEN d/b/a CARL L.

23   BURDEN.

24   As a courtesy and by "special Appearance" **only** without any waiver of rights, do hereby gives his third

25   **NOTICE**, to the court that the services provided by Laura  Tayman, Esquire that was appointed and

26   accepted for Trust Defendant CARL LINWOOD BURDEN, d/b/a CARL L. BURDEN and the accused KARL

1   BURDEN – EL BEY, the living nature man as the assistance for Counsel for the defense are not required,

2   or accepted, as stated before in the first notice, for ineffective council, failure to protect civil and

3   constitutional rights, due process, and conflict of interest . She has been **TERMINATED (third time)** from

4   all services since October 13th 2020.  In support of this motion, petitioner submits the following

5   memorandum.

6                              **Procedural History**

7          Defendant CARL L. BURDEN has been charged with a variety of charges whereas the trial date was set for

8   September 29th, 2020.  Mr. Rodolfo Cejas II was first appointed March 2020 and removed July 23rd 2020 upon this

9   court's approval of his motion to withdraw for various reasons.  Laura Tayman was appointed July 23rd, 2020 to

10  date and  karl burden – el bey the Executor and trustee of the express trust has petition this court twice prior for

11  removal of Laura Tayman as stated in his first notice to the court.  During this time, there were many concerns

12  expressed about rights and Due process violations and having a fair trial, to include the loss of trust and confidence

13  in Mrs. Tayman abilities to assist in the best defense in this matter.

14                              **Factual Background**

15  Since being appointed council, Mrs. Tayman has somewhat conferred with me, via telephone,

16  and a few office visits but mostly by email in which mine may have been hacked.  It's been

17  difficult to get the proper assistance of counsel for a best defense in preparation for trial and

18  obtain a fair trial.

19   Petitioner had/has lost confidence and trust in her abilities to give proper assistance in this

20  matter and to show her protection of his rights secured. Petitioner noticing since her

21  appointment, that requested information and evidence, or other things asked for that would

22  aid in this matter were not done 95 percent of the time and the assistance or act to protect his

23  rights were/are not there..    When she has been told or ordered by the court to do anything

24  she have done so 100 precent of the time, even if it needed to be seen, approved, authorized or

1    permission to act on his behalf by me, it was not done. where I believe this to be a conflict of

2    interest to work on both sides at the same time (Defender and Prosecutor in the same case) in

3    this process. Emails have been sent prior to her expressing these concerns and other, but the

4    results are little to no action to correct them.   Since about March 2021, several affidavits and

5    notices have been sent to this court and Mrs. Tayman, which have not been rebutted and or

6    properly acted upon by her or this court, but to file them in a separate file.    Mrs. Tayman has

7    sent and received information in 2020/2021 and discussions with her occurred about changes ,

8    but she ignored them and just wanted the agreement to be accepted in the contract/s as stated

9    even if they were not proper.  She was asked to assist with obtaining  counteroffers, but she

10   refused.  She was told that the alleged STATEMENT OF FACTS presented, were false and to

11   agree and signing would be committing perjury and I refused to do such as it was suggested.

12   She was told that I did not agree to the any amounts and claims made in the claims, because

13   they were not true after reviewing some of the information that was sent to me. She was  fired

14   and removed October 6th, 2020 from the case with my having no dealings with her and

15   removed again on May 5th, 2021 for ineffective counsel and violations of my rights along with

16   other violations, but this court has refused to honor and protect this right, causing more

17   damages in these proceedings. There as were other concerns address to her and the other

18   motions are based on no interactions.  It is my beliefs that she can no longer be effectively

19   assisting defense as counsel to prepare a best defense, but only cause further damage to any

20   defense being prepared.   Her two motions to withdraw as counsel strongly suggests the same,

21   as well as the acceptance by the attorney for the plaintiff in these proceeding  and this court

22   should not ignore such and properly remove her as request in October 2020 and not appoint

1    other counsel. There are no Constitutional laws, Federal Codes, Statures, or Treaties that

2    forces, makes, requires, or holds anyone to keep or retain any Counsel against their will or

3    beliefs, unless they are an award of the State, proven incompetent, or a juvenile.

4                          **LAW AND STATEMENTS**

5          Petitioner has determined that his motion is appropriate for the counselor under Rule

6    1.16 of the Virginia Rules of Professional Conduct, and I have found no lawful reason for

7    Counsel to remain but for to hinder and obstruct.   The Petitioner has explained to his Counsel

8    several times of the implications of his previous motions and understand procedures governing

9    the motion and any hearings thereon.   There are three factors this Court must consider when

10   determining whether to grant Petitioner's motion to remove Counsel as well as the withdrawal

11   request as well,: 1) the timeliness of the motion; 2) the Court must engage in an adequate

12   inquiry into the Petitioner's complaint;  and 3) whether the attorney - client conflict is so great

13   as to result in a total lack of communication and trust, preventing an adequate defense.  See

14   United States v. Mullen, 32 F.3d  891, 895 (4th Cir. 1994).  Petitioner also believes that

15   Constitutional rights must be consider in this decision.

16          Petitioner for defendant recognizes that this motion comes somewhat late in the trial

17   schedule.  However, this matter has come shortly from the June 22nd, 2021 court date  hearing

18   was discussed and the second motion for removal/withdrawal was denied again.   However,

19   this matter has been set outside the speedy trial deadline due to the cases complexes and the

20   Petitioner has already waived the right to a speedy trial, in addition the Petitioner is likely to

21   request a continuance of the July 6th, 2021 trial date to obtain his Counsel to research and

22   review the case to prepare for an effect defense and note that this is his first and only request

1    to date for a continuance in this matter in order to properly prepare for his best defense.

2    Petitioner requests has been filed as soon as practicable after the meeting and Court date

3    which took place June 22nd, 2021 at which time the attorney - client relationship finally broke

4    down and Petitioner communicated and continue to communicate his wishes to terminate the

5    relationship by asking that the court grant such constitutionally and authorize request.  Finally,

6    this matter has previously been continued on this court's motions and the plaintiff's attorney

7    requests, but there's been no previous requests of this nature whatsoever by the Petitioner

8    until this time.   In the Mullen case previously cited, the court discussed the considerations

9    involved in ruling on motions such as withdrawals and remove contrasted the cases involving

10   defendants who attempt to manipulate or abuse the right to Counsel, stating as follows:

11          Most such cases involve a motion for substitutions made shortly before or during trial,

12   or both.... The government has not pointed us to any case where an  Appellant court upheld a

13   trial court's denial of the defendant's/Petitioners timely request for his or her first substitution

14   and or appointment of counsel          Mullen, 32 F.3d at 897 – 898.

15          In its footnoted reference, the court cited examples of cases in which defendants or

16   Petitioners attempted to manipulate or abuse the right to council:

17          The cases cited by the governments are representatives of the typical case when

18   substitution of counsel is denied. E. G.,  Hanley, supra (defendant, who had already received

19   three continuances and four appointed lawyers, tried to force his fourth lawyer to quit one

20   week before trial); (defendant, who was on his third appointed lawyer and fourth overall,

21   discharged his fourth lawyer on the morning of trial; court held in defendant was not denied his

22   right to counsel by not having to proceed pro se), cert. denied, 510 U. S. 982, 114 S. Ct. 481,

1   126 L. Ed.2d 432, (1993); United States versus Pina, 844 F.2d 1 (1st Cir. 1988) (on sixteenth day

2   of trial, pro se defendant sought an appointed lawyer, but he would not accept one from the

3   federal public defender's office); United States V. Davis, 604 F.2d 474 (7th Cir. 1979) (on the

4   morning of trial, defendant, who had gone through one privately retaining lawyer and three

5   appointed lawyers, dismissed his lawyer and asked for the appointment of one particular

6   lawyer). Mullen, 32 F.3d at 897 - 898 n. 3.

7       Finally, this motion is not filed without prior due consideration. As a general matter, the

8   office of the Federal Public Defender nor the Petitioner like to file these sorts of motions.

9   Petitioner's rights to have a defense team who will work with him making every effort to assist

10  in his fair and equal trial in this case, it's unfortunate that both efforts were not successful and

11  both parties agreed on this and that such motion/s had to be filed accordingly. Petitioner

12  respectfully request the courts exercises proper discretion and grant this motion

13  constitutionally, ordering the removal/withdrawal of counsel and the Office of Federal Public

14  Defender. There is no new request for appointing counsel from this Office based on previous

15  conversations, dealings, and letters. Counsel has been contacted the assistant United States

16  Attorney in prior motions and they have expressed no disagreement for the

17  removal/withdrawal of the Public Defender in this matter, and Petitioner requests that the

18  court exercise and grant his motion and order the withdrawal or removal of the Federal Public

19  Defender.

20  Respectfully Submitted, All Rights Reserved

21  By )Ue Berk - Ed fey

22   attorney once fired is fired. The matter is his hereby adjourned.

1   **To: The Public, file on the Public Record**
2   **Jurisdiction of the Court: Commerce**
3   **c/o 804 Grimes Road**
4   **Hampton, Virginia**
5   **Sui Juris**
6   Hand-Delivered

7                       UNITED STATE DISTRICT COURT
8                   FOR THE EASTERN DICTRICT OF VIRGINIA
9                       NEWPORT NEWS DIVISION

10

11   UNITED STATE S OF AMERICA        §      CASE #: 4:20-CR-00017

12                        Plaintiff   §

13          Vs                        §

14   CARL LINWOOD BURDEN              §      MOTION FOR RECUSAL/

15             Defendant              §      DISQUALIFICATION

16                                    §

17   **MOTION FOR JUDICIAL RECUSAL/DISQUALIFICATION**

18   COMES NOW, karl-burden: el-bey (QOB) a living Soul, a man, Sui Juris; non-agent, non-

19   representative, one of the people and not the Trust CARL LINWOOD BURDEN d/b/a CARL L. BURDEN.

20   As a courtesy and by "special Appearance" only without any waiver of rights, do hereby makes this

21   **MOTION**, to the court, and moves to recuse/disqualify judge Robert John Novak from the above-entitled

22   matter under 28 USCS sec. 455, and  Marshall v. Jerrico Inc., 446 US 238, 242, 100 S. Ct. 1610, 64 L. Ed.

23   2d 182 (1980).

24   The above is applicable to this court by application of Article VI of the United States of America

25   Constitution and Stone v. Powell, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

1  The above-mentioned Judge has in the past deliberately violated this Petitioner's personal

2  liberties and/or has wantonly refused to provide due process and equal protection to all litigants before

3  the court or has behaved in a manner inconsistent with his oath of office as an Article 3 court Judge and

4  that which is needed for full, fair, impartial hearings.

5  The United States Constitution secures and guarantees an unbiased judge who will always

6  provide Plaintiff/ Litigants with full protection of ALL RIGHTS.

7  Therefore, Petitioner respectfully demands said Judge recuse/disqualify himself in light of the

8  evidence stated herein, exhibits, and of the public records of the court dealing prior unethical and/or

9  illegal conduct which gives Petitioner a good reason to believe the above Judge cannot hear and/or

10  proceed in the above case in a fair and impartial manner and without being Prejudice, Bias, a Violator of

11  rights or Discriminator.

12  On and about July 23rd, 2020 Judge Novak, did show his prejudice in this court against Petitioner,

13  when he falsely accused him of being a problem to the court when he appointed Laura Tayman to the

14  case because he wants his rights and fair hearing protected, this shows Bias to non-lawyers and

15  attorneys. (violation of 1st,5t, 6th, 9th, and 13th Amendments)

16  On and about November th5, 20290  when Plaintiff appeared in this court after firing Counsel

17  Laura Tayman, Judge Novak showed Prejudice towards me when he insisted that Counsel was my best

18  option to stay on the case and not honoring my requirements to remove her and allow the violating my

19  rights and due process while damaging my case to get a fair trial is prejudice and or a conflict of interest

20  during this time she is working both sides of this court's proceeding.  He further showed his Prejudice to

21  all of Plaintiff's notices, motions, and filings in this court by not accepting, rebutting, answering, and or

22  having them properly filed in the public record of this case as he did for the other party whose

23  acceptance rate is 98 percent to Plaintiffs 5 percent.

*Exhibit #1*

## Court cases supporting no license needed to practice law

Subject: Supreme Court cases supporting no license needed to practice law.

If you ever get attacked for practicing law without a license.

Reference Court Cases:

* Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers.

1. Platsky v. C.I.A. 953 F.2d. 25. Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynoldson v. Shillinger 907F .2d 124, 126 (10th Cir. 1990); See also Jaxon v. Circle K. Corp. 773 F.2d 1138, 1140 (10th Cir. 1985) (1)

2. Haines v. Kerner (92 S.Ct. 594). The respondent in this action is a nonlawyer and is moving forward in Propria persona.

3. NAACP v. Button (371 U.S. 415); United Mineworkers of America v. Gibbs (383 U.S. 715); and Johnson v. Avery 89 S. Ct. 747 (1969). Members of groups who are competent nonlawyers can assist other members of the group achieve the goals of the group in court without being charged with "Unauthorized practice of law."

4. Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar (377 U.S. 1); Gideon v. Wainright 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425. Litigants may be assisted by unlicensed layman during judicial proceedings.

5. Howlett v. Rose, 496 U.S. 356 (1990) Federal Law and Supreme Court Cases apply to State Court Cases

6. Federal Rules Civil Proc., Rule 17, 28 U.S.C.A. "Next Friend" A next friend is a person who represents someone who is unable to tend to his or her own interest...

7. Oklahoma Court Rules and Procedures, Title 12, sec. 2017 (C) "If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem."

8. Mandonado-Denis v. Castillo-Rodriguez, 23 F.3d 576 (1st Cir. 1994) Inadequate training of subordinates may be basis for 1983 claim.

9. Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

10. Title 42 U.S.C. Sec. 1983, Wood v. Breier, 54 F.R.D. 7, 10-11 (E.D. Wis. 1972). Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973). "Each citizen acts as a private attorney general who 'takes on the mantel of sovereign',"

11. Oklahoma is a "Right to Work" State! Bill SJR1! Its OK to practice God's law with out a license, Luke 11:52, God's Law was here first! "There is a higher loyalty than loyalty to this country, loyalty to God" U.S. v. Seeger, 380 U.S. 163, 172, 85 S. Ct. 850, 13 L. Ed. 2d 733 (1965)

12. "The practice of law can not be licensed by any state/State. Schware v. Board of Examiners, United States Reports 353 U.S. pgs. 238, 239. In Sims v. Aherns, 271 S.W. 720 (1925) "The practice of law is an occupation of common right." There is not a license, its a dues card and/or membership card. A bar association is that what it is, a club, A association is not license, it has a certificate though the State, the two are not the same....

1    Though out these proceedings judge Novak violated numerous and various Plaintiff's rights

2    which may lead to criminal charges

3    Judge Novak showed his Bias  and prejudice towards Plaintiff and non-attorneys, when he stated

4    that the only persons that could represent Plaintiff before this Article III court were a licensed attorney

5    or lawyer who was a member of the Bar can be a counsel in this court. See Exhibits 1(Court cases)

6    Judge Novak, violated his Oath of Office (Article VI violation), which he is bound thereby and the

7    rights of the people, when he violated and let others violate Plaintiffs Constitutional rights.

8    On and about June 22nd, 2021 Judge Novak showed his personal Bias, prejudice, and

9    discrimination against this Plaintiff, when he made false claims against Plaintiff's 1st Amendments

10   Religious sovereignty beliefs, practice, and liberty for him claiming and enjoying such thereof, which is a

11   violation of the Article IV Section 2 & Section 4, Article VI para. 2 (Supremacy Clause), and 1st

12   Amendment.

13   The combine actions of Judge Novak, Counsel for defendant, and the United State are

14   prejudiced decisions against Plaintiff in this matter Judge Novak's accepting, granting, and placing both

15   the attorneys and his restrictions on Plaintiffs rights (violations of Article IV section 2, Article VI, 1st

16   Amendment, 5th Amendment, 6th Amendment, 9th Amendment, 10th Amendment, and 14th Amendment)

17   causing hardship, unfairness, and prejudice upon this process, (Plaintiff told by Judge Novak that he

18   could not speak in court during June 22nd) and all have committed FRAUD UPON THE COURT though

19   their acts or lack thereof.

20   The violations of Challenged Jurisdiction in prejudicial to Plaintiff's case and due process, and

21   Fair trial and staying on this case and proceedings are a Deprivation of Right of Due Process against me.

22   Respectfully Submitted

23   All Rights Reserved

24   By: _Jwe Nuh eurhy_

1

2

**To: The Public, file on the Public Record**
**Jurisdiction of the Court: Commerce**
**Karl-burden: el bey**
**c/o 804 Grimes Road**
**Hampton, Virginia**
**Sui Juris**

*Hand~Delivered*

## UNITED STATE DISTRICT COURT
## FOR THE EASTERN DICTRICT OF VIRGINIA
## NEWPORT NEWS DIVISION


| UNITED STATE S OF AMERICA | § | CASE #: 4:20-CR-00017 |
|---|---|---|
| **Plaintiff** | § | |
| Vs | § | MOTION FOR CONTINUANCE |
| CARL LINWOOD BURDEN | § | |
| Defendant | § | |
| | § | |

## **MOTION FOR CONTINUANCE**

COMES NOW, karl-burden: el-bey (QOB) a living Soul, a man, Sui Juris; non-agent, non-

representative, one of the people and not the Trust known as CARL LINWOOD BURDEN d/b/a CARL L.

BURDEN.

As a courtesy and by "special Appearance" **only** without any waiver of rights, do hereby gives his

first motion to the court for a continuance in this matter to obtain proper Counsel of a team for research

1    and proper preparations of his best defense and to protect all rights, due process, and to obtain a fair

2    trial while havening equal protection of the laws as required by the Constitution of the United States of

3    America.

4       Refusal of this motion shall have grave consequences and denial of Constitutional rights to a fair

5    trial, equal protection of the laws, due process, and other violations, making it impossible for such fair

6    trial and will show more prejudicial acts and bias towards the Petitioner, whereas Judge Novak have

7    given the other party all the time needed in these proceedings and haven't granted any of such for the

8    Plaintiff's.

9

10   (Print it name) _Kurl Burden - El Bey_ .

11   Principal, by Special Appearance, proceeding SUI JURIS .   **UCC 1-308**

12

13   without prejudice, and without recourse, All rights reserved.

14   _[signature]_                                Dated this day April 24, 20 21

15   Autographed by: karl-burden: of the El Bey family

16

17         Notice to Agent is Notice to Principle, Notice to Principle is Notice to Agent

18

19

20

21

22

23

24

25

26

1

2    **To: The Public, file on the Public Record**
3    Jurisdiction of the Court: Commerce
4                        **CERTIFICATION OF SERVICE**

5    I karl-burden: el bey certifies that on _July 2021_ , a copy of the following

6    document(s) was {served/Mailed} filed as follows:
     3rd Motion For Removal of counsel
7    Motion For Judicial Recusal/Disqualification
     Motion For Continuance

8    **1.** _Fernando Galindo clerk of Court - Hand-Delivered_

9    **2.** _David J. Novak % Fernando Galindo clerk of Court - Hand-Delivered_

10   **3.** _G. Zachary Terwilliger/ Ray Parekh   Mailed_

11   **4.** _Laura P. Tayman esq - Hand-Delivered_

12

13   Via by: certified U.S. mail, return receipt requested

14   #          _N A_

15

16

17

18
19
20                                    All Rights Reserved
21   :
22                                    _ue ph-ee y_
23                                    by: karl-burden: el bey -Sui Juris
24

1   **To: The Public, file on the Public Record**
2   **Jurisdiction of the Court: Commerce**
3   **Karl-burden: el bey**
4   **c/o 804 Grimes Road**
5   **Hampton, Virginia**
6   **Sui Juris**

7   Hand - Delivered

8                    UNITED STATE DISTRICT COURT
9              FOR THE EASTERN DICTRICT OF VIRGINIA
10                      NEWPORT NEWS DIVISION

11

12   UNITED STATE S OF AMERICA          §     CASE #: 4:20-CR-00017

13                        Plaintiff     §              **NOTICE (3rᵈ)**

14           Vs                         §     TERMINATION OF SERVICES

15   CARL LINWOOD BURDEN                §     3ʳᵈ MOTION FOR REMOVE COUNSEL

16           Defendant                  §     MOTION FOR JUDICIAL

17   RECUSAL/DISQUALIFICATION

18                                      §     MOTION FOR CONTINUANCE

19

20              **MOTION FOR REMOVAL OF COUNSEL**

21      COMES NOW, karl-burden: el-bey (QOB) a living Soul, a man, Sui Juris; non-agent, non-

22   representative, one of the people and not the Trust known as CARL LINWOOD BURDEN d/b/a CARL L.

23   BURDEN.

24   As a courtesy and by "special Appearance" **only** without any waiver of rights, do hereby gives his third

25   **NOTICE**, to the court that the services provided by Laura  Tayman, Esquire that was appointed and

26   accepted for Trust Defendant CARL LINWOOD BURDEN, d/b/a CARL L. BURDEN and the accused KARL

1   BURDEN – EL BEY, the living nature man as the assistance for Counsel for the defense are not required,

2   or accepted, as stated before in the first notice, for ineffective council, failure to protect civil and

3   constitutional rights, due process, and conflict of interest . She has been **TERMINATED (third time)** from

4   all services since October 13th 2020. In support of this motion, petitioner submits the following

5   memorandum.

6                                    **Procedural History**

7          Defendant CARL L. BURDEN has been charged with a variety of charges whereas the trial date was set for

8   September 29th, 2020. Mr. Rodolfo Cejas II was first appointed March 2020 and removed July 23rd 2020 upon this

9   court's approval of his motion to withdraw for various reasons. Laura Tayman was appointed July 23rd, 2020 to

10  date and  karl burden – el bey the Executor and trustee of the express trust has petition this court twice prior for

11  removal of Laura Tayman as stated in his first notice to the court.  During this time, there were many concerns

12  expressed about rights and Due process violations and having a fair trial, to include the loss of trust and confidence

13  in Mrs. Tayman abilities to assist in the best defense in this matter.

14                                    **Factual Background**

15  Since being appointed council, Mrs. Tayman has somewhat conferred with me, via telephone,

16  and a few office visits but mostly by email in which mine may have been hacked.  It's been

17  difficult to get the proper assistance of counsel for a best defense in preparation for trial and

18  obtain a fair trial.

19   Petitioner had/has lost confidence and trust in her abilities to give proper assistance in this

20  matter and to show her protection of his rights secured. Petitioner noticing since her

21  appointment, that requested information and evidence, or other things asked for that would

22  aid in this matter were not done 95 percent of the time and the assistance or act to protect his

23  rights were/are not there..   When she has been told or ordered by the court to do anything

24  she have done so 100 precent of the time, even if it needed to be seen, approved, authorized or

1    permission to act on his behalf by me, it was not done. where I believe this to be a conflict of

2    interest to work on both sides at the same time (Defender and Prosecutor in the same case) in

3    this process. Emails have been sent prior to her expressing these concerns and other, but the

4    results are little to no action to correct them.   Since about March 2021, several affidavits and

5    notices have been sent to this court and Mrs. Tayman, which have not been rebutted and or

6    properly acted upon by her or this court, but to file them in a separate file.    Mrs. Tayman has

7    sent and received information in 2020/2021 and discussions with her occurred about changes ,

8    but she ignored them and just wanted the agreement to be accepted in the contract/s as stated

9    even if they were not proper.  She was asked to assist with obtaining  counteroffers, but she

10    refused.  She was told that the alleged STATEMENT OF FACTS presented, were false and to

11    agree and signing would be committing perjury and I refused to do such as it was suggested.

12    She was told that I did not agree to the any amounts and claims made in the claims, because

13    they were not true after reviewing some of the information that was sent to me. She was  fired

14    and removed October 6th, 2020 from the case with my having no dealings with her and

15    removed again on May 5th, 2021 for ineffective counsel and violations of my rights along with

16    other violations, but this court has refused to honor and protect this right, causing more

17    damages in these proceedings. There as were other concerns address to her and the other

18    motions are based on no interactions.  It is my beliefs that she can no longer be effectively

19    assisting defense as counsel to prepare a best defense, but only cause further damage to any

20    defense being prepared.  Her two motions to withdraw as counsel strongly suggests the same,

21    as well as the acceptance by the attorney for the plaintiff in these proceeding  and this court

22    should not ignore such and properly remove her as request in October 2020 and not appoint

1    other counsel. There are no Constitutional laws, Federal Codes, Statures, or Treaties that

2    forces, makes, requires, or holds anyone to keep or retain any Counsel against their will or

3    beliefs, unless they are an award of the State, proven incompetent, or a juvenile.

4                                    **LAW AND STATEMENTS**

5        Petitioner has determined that his motion is appropriate for the counselor under Rule

6    1.16 of the Virginia Rules of Professional Conduct, and I have found no lawful reason for

7    Counsel to remain but for to hinder and obstruct.   The Petitioner has explained to his Counsel

8    several times of the implications of his previous motions and understand procedures governing

9    the motion and any hearings thereon.   There are three factors this Court must consider when

10   determining whether to grant Petitioner's motion to remove Counsel as well as the withdrawal

11   request as well,: 1) the timeliness of the motion; 2) the Court must engage in an adequate

12   inquiry into the Petitioner's complaint;  and 3) whether the attorney - client conflict is so great

13   as to result in a total lack of communication and trust, preventing an adequate defense.  See

14   United States v. Mullen, 32 F.3d  891, 895 (4th Cir. 1994).  Petitioner also believes that

15   Constitutional rights must be consider in this decision.

16       Petitioner for defendant recognizes that this motion comes somewhat late in the trial

17   schedule.  However, this matter has come shortly from the June 22nd, 2021 court date  hearing

18   was discussed and the second motion for removal/withdrawal was denied again.   However,

19   this matter has been set outside the speedy trial deadline due to the cases complexes and the

20   Petitioner has already waived the right to a speedy trial, in addition the Petitioner is likely to

21   request a continuance of the July 6th, 2021 trial date to obtain his Counsel to research and

22   review the case to prepare for an effect defense and note that this is his first and only request

1    to date for a continuance in this matter in order to properly prepare for his best defense.

2    Petitioner requests has been filed as soon as practicable after the meeting and Court date

3    which took place June 22nd, 2021 at which time the attorney - client relationship finally broke

4    down and Petitioner communicated and continue to communicate his wishes to terminate the

5    relationship by asking that the court grant such constitutionally and authorize request.  Finally,

6    this matter has previously been continued on this court's motions and the plaintiff's attorney

7    requests, but there's been no previous requests of this nature whatsoever by the Petitioner

8    until this time.    In the Mullen case previously cited, the court discussed the considerations

9    involved in ruling on motions such as withdrawals and remove contrasted the cases involving

10    defendants who attempt to manipulate or abuse the right to Counsel, stating as follows:

11          Most such cases involve a motion for substitutions made shortly before or during trial,

12    or both.... The government has not pointed us to any case where an  Appellant court upheld a

13    trial court's denial of the defendant's/Petitioners timely request for his or her first substitution

14    and or appointment of counsel          Mullen, 32 F.3d at 897 – 898.

15          In its footnoted reference, the court cited examples of cases in which defendants or

16    Petitioners attempted to manipulate or abuse the right to council:

17          The cases cited by the governments are representatives of the typical case when

18    substitution of counsel is denied. E. G.,  Hanley, supra (defendant, who had already received

19    three continuances and four appointed lawyers, tried to force his fourth lawyer to quit one

20    week before trial);  (defendant, who was on his third appointed lawyer and fourth overall,

21    discharged his fourth lawyer on the morning of trial; court held in defendant was not denied his

22    right to counsel by not having to proceed pro se), cert. denied, 510 U. S. 982, 114 S. Ct. 481,

1    126 L. Ed.2d  432, (1993);  United States versus Pina, 844 F.2d 1 (1st Cir. 1988)  (on sixteenth day

2    of trial, pro se defendant sought an appointed lawyer, but he would not accept one from the

3    federal public defender's office); United States V. Davis, 604  F.2d 474  (7th Cir. 1979) (on the

4    morning of trial, defendant, who had gone through one privately retaining lawyer  and three

5    appointed lawyers, dismissed his lawyer and asked for the appointment of one particular

6    lawyer). Mullen, 32  F.3d at 897 - 898 n. 3.

7           Finally, this motion is not filed without prior due consideration.  As a general matter, the

8    office of the Federal Public Defender nor the Petitioner like to file these sorts of motions.

9    Petitioner's rights to  have a defense team who will work with him making every effort to assist

10   in his fair and equal trial in this case, it's  unfortunate that both efforts were not successful and

11   both parties agreed on this and that such motion/s had to be filed accordingly. Petitioner

12   respectfully request the courts exercises proper discretion and grant this motion

13   constitutionally, ordering the removal/withdrawal of counsel and the Office of Federal Public

14   Defender. There is no new request for appointing counsel from this Office based on previous

15   conversations, dealings, and letters.  Counsel has been contacted the assistant United States

16   Attorney in prior motions and they have expressed no disagreement for the

17   removal/withdrawal of the Public Defender in this matter, and Petitioner requests that the

18   court exercise and grant his motion and order the withdrawal or removal of the Federal Public

19   Defender.

20   Respectfully Submitted, All Rights Reserved

21   By_____

22     attorney once fired is fired.  The matter is his hereby adjourned.

1    **To: The Public, file on the Public Record**
2    **Jurisdiction of the Court: Commerce**
3    **c/o 804 Grimes Road**
4    **Hampton, Virginia**
5    **Sui Juris**

6    Hand - Delivered

7                              UNITED STATE DISTRICT COURT
8                          FOR THE EASTERN DICTRICT OF VIRGINIA
9                                  NEWPORT NEWS DIVISION

10

11    UNITED STATE S OF AMERICA          §        CASE #: 4:20-CR-00017

12                          **Plaintiff**        §

13              **Vs**                            §

14    CARL LINWOOD BURDEN                 §        MOTION FOR RECUSAL/

15              **Defendant**                     §        DISQUALIFICATION

16                                        §

17    **MOTION FOR JUDICIAL RECUSAL/DISQUALIFICATION**

18          COMES NOW, karl-burden: el-bey (QOB) a living Soul, a man, Sui Juris; non-agent, non-

19    representative, one of the people and not the Trust CARL LINWOOD BURDEN d/b/a CARL L. BURDEN.

20    As a courtesy and by "special Appearance" **only** without any waiver of rights, do hereby makes this

21    **MOTION**, to the court, and moves to recuse/disqualify judge Robert John Novak from the above-entitled

22    matter under 28 USCS sec. 455, and  Marshall v. Jerrico Inc., 446 US 238, 242, 100 S. Ct. 1610, 64 L. Ed.

23    2d 182 (1980).

24          The above is applicable to this court by application of Article VI of the United States of America

25    Constitution and Stone v. Powell, 428 US 465, 483 n. 35, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976).

1    The above-mentioned Judge has in the past deliberately violated this Petitioner's personal

2    liberties and/or has wantonly refused to provide due process and equal protection to all litigants before

3    the court or has behaved in a manner inconsistent with his oath of office as an Article 3 court Judge and

4    that which is needed for full, fair, impartial hearings.

5    The United States Constitution secures and guarantees an unbiased judge who will always

6    provide Plaintiff/ Litigants with full protection of ALL RIGHTS.

7    Therefore, Petitioner respectfully demands said Judge recuse/disqualify himself in light of the

8    evidence stated herein, exhibits, and of the public records of the court dealing prior unethical and/or

9    illegal conduct which gives Petitioner a good reason to believe the above Judge cannot hear and/or

10   proceed in the above case in a fair and impartial manner and without being Prejudice, Bias, a Violator of

11   rights or Discriminator.

12   On and about July 23rd, 2020 Judge Novak, did show his prejudice in this court against Petitioner,

13   when he falsely accused him of being a problem to the court when he appointed Laura Tayman to the

14   case because he wants his rights and fair hearing protected, this shows Bias to non-lawyers and

15   attorneys. (violation of 1st,5t, 6th, 9th, and 13th Amendments)

16   On and about November th5, 20290   when Plaintiff appeared in this court after firing Counsel

17   Laura Tayman, Judge Novak showed Prejudice towards me when he insisted that Counsel was my best

18   option to stay on the case and not honoring my requirements to remove her and allow the violating my

19   rights and due process while damaging my case to get a fair trial is prejudice and or a conflict of interest

20   during this time she is working both sides of this court's proceeding.  He further showed his Prejudice to

21   all of Plaintiff's notices, motions, and filings in this court by not accepting, rebutting, answering, and or

22   having them properly filed in the public record of this case as he did for the other party whose

23   acceptance rate is 98 percent to Plaintiffs 5 percent.

Exhibit # 1

# Court cases supporting no license needed to practice law

Subject: Supreme Court cases supporting no license needed to practice law.

If you ever get attacked for practicing law without a license.

Reference Court Cases:

* Picking v. Pennsylvania R. Co. 151 Fed. 2nd 240; Pucket v. Cox 456 2nd 233. Pro se pleadings are to be considered without regard to technicality; pro se litigants pleadings are not to be held to the same high standards of perfection as lawyers.

1. Platsky v. C.I.A. 953 F.2d. 25. Additionally, pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings. Reynoldson v. Shillinger 907F .2d 124, 126 (10th Cir. 1990); See also Jaxon v. Circle K. Corp. 773 F.2d 1138, 1140 (10th Cir. 1985) (1)

2. Haines v. Kerner (92 S.Ct. 594). The respondent in this action is a nonlawyer and is moving forward in Propria persona.

3. NAACP v. Button (371 U.S. 415); United Mineworkers of America v. Gibbs (383 U.S. 715); and Johnson v. Avery 89 S. Ct. 747 (1969). Members of groups who are competent nonlawyers can assist other members of the group in court without being charged with "Unauthorized practice of law."

4. Brotherhood of Trainmen v. Virginia ex rel. Virginia State Bar (377 U.S. 1); Gideon v. Wainwright 372 U.S. 335; Argersinger v. Hamlin, Sheriff 407 U.S. 425. Litigants may be assisted by unlicensed layman during judicial proceedings.

5. Howlett v. Rose, 496 U.S. 356 (1990) Federal Law and Supreme Court Cases apply to State Court Cases

6. Federal Rules Civil Proc., Rule 17, 28 U.S.C.A. "Next Friend" A next friend is a person who represents someone who is unable to tend to his or her own interest...

7. Oklahoma Court Rules and Procedures, Title 12, sec. 2017 (C) "If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem."

8. Mandonado-Denis v. Castillo-Rodriguez, 23 F.3d 576 (1st Cir. 1994) Inadequate training of subordinates may be basis for 1983 claim.

9. Warnock v. Pecos County, Tex., 88 F3d 341 (5th Cir. 1996) Eleventh Amendment does not protect state officials from claims for prospective relief when it is alleged that state officials acted in violation of federal law.

10. Title 42 U.S.C. Sec. 1983, Wood v. Breier, 54 F.R.D. 7, 10-11 (E.D. Wis. 1972). Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa. 1973). "Each citizen acts as a private attorney general who 'takes on the mantel of sovereign',"

11. Oklahoma is a "Right to Work" State! Bill SJR1! Its OK to practice God`s law with out a license, Luke 11:52, God`s Law was here first! "There is a higher loyalty than loyalty to this country, loyalty to God" U.S. v. Seeger, 380 U.S. 163, 172, 85 S. Ct. 850, 13 L. Ed. 2d 733 (1965)

12. "The practice of law can not be licensed by any state/State. Schware v. Board of Examiners, United States Reports 353 U.S. pgs. 238, 239. In Sims v. Aherns, 271 S.W. 720 (1925) "The practice of law is an occupation of common right". A bar card is not a license, its a dues card and/or membership card. A bar association is that what it is, a club, A association is not license, it has a certificate though the State, the two are not the same....

1     Though out these proceedings judge Novak violated numerous and various Plaintiff's rights

2     which may lead to criminal charges

3     Judge Novak showed his Bias and prejudice towards Plaintiff and non-attorneys, when he stated

4     that the only persons that could represent Plaintiff before this Article III court were a licensed attorney

5     or lawyer who was a member of the Bar can be a counsel in this court. See Exhibits 1(Court cases)

6     Judge Novak, violated his Oath of Office (Article VI violation), which he is bound thereby and the

7     rights of the people, when he violated and let others violate Plaintiffs Constitutional rights.

8     On and about June 22nd, 2021 Judge Novak showed his personal Bias, prejudice, and

9     discrimination against this Plaintiff, when he made false claims against Plaintiff's 1st Amendments

10    Religious sovereignty beliefs, practice, and liberty for him claiming and enjoying such thereof, which is a

11    violation of the Article IV Section 2 & Section 4, Article VI para. 2 (Supremacy Clause), and 1st

12    Amendment.

13    The combine actions of Judge Novak, Counsel for defendant, and the United State are

14    prejudiced decisions against Plaintiff in this matter Judge Novak's accepting, granting, and placing both

15    the attorneys and his restrictions on Plaintiffs rights (violations of Article IV section 2, Article VI, 1st

16    Amendment, 5th Amendment, 6th Amendment, 9th Amendment, 10th Amendment, and 14th Amendment)

17    causing hardship, unfairness, and prejudice upon this process, (Plaintiff told by Judge Novak that he

18    could not speak in court during June 22nd) and all have committed FRAUD UPON THE COURT though

19    their acts or lack thereof.

20    The violations of Challenged Jurisdiction in prejudicial to Plaintiff's case and due process, and

21    Fair trial and staying on this case and proceedings are a Deprivation of Right of Due Process against me.

22    Respectfully Submitted

23    All Rights Reserved

24    By: _Jue fbll-alfy_

1

2

3   **To: The Public, file on the Public Record**
4   Jurisdiction of the Court: Commerce
5   Karl-burden: el bey
6   c/o 804 Grimes Road
7   Hampton, Virginia
8   Sui Juris

9   Hand-Delivered

10                      UNITED STATE DISTRICT COURT
11              FOR THE EASTERN DICTRICT OF VIRGINIA
12                      NEWPORT NEWS DIVISION

13

14   UNITED STATE S OF AMERICA          §      CASE #: 4:20-CR-00017

15                      Plaintiff       §

16   Vs                                 §      MOTION FOR CONTINUANCE

17   CARL LINWOOD BURDEN                §

18                      Defendant       §

19                                      §

20

21                  **MOTION FOR CONTINUANCE**

22          COMES NOW, karl-burden: el-bey (QOB) a living Soul, a man, Sui Juris; non-agent, non-

23   representative, one of the people and not the Trust known as CARL LINWOOD BURDEN d/b/a CARL L.

24   BURDEN.

25          As a courtesy and by "special Appearance" **only** without any waiver of rights, do hereby gives his

26   first motion to the court for a continuance in this matter to obtain proper Counsel of a team for research

1   and proper preparations of his best defense and to protect all rights, due process, and to obtain a fair

2   trial while havening equal protection of the laws as required by the Constitution of the United States of

3   America.

4       Refusal of this motion shall have grave consequences and denial of Constitutional rights to a fair

5   trial, equal protection of the laws, due process, and other violations, making it impossible for such fair

6   trial and will show more prejudicial acts and bias towards the Petitioner, whereas Judge Novak have

7   given the other party all the time needed in these proceedings and haven't granted any of such for the

8   Plaintiff's.

9

10  (Print it name) Karl Burden - El Bey .

11  Principal, by Special Appearance, proceeding SUI JURIS .    **UCC 1-308**

12

13  without prejudice, and without recourse, All rights reserved.

14  *(signature)*                          Dated this day April 29 , 20 21

15  Autographed by: karl-burden: of the El Bey family

16

17                  Notice to Agent is Notice to Principle, Notice to Principle is Notice to Agent

18

19

20

21

22

23

24

25

26

1

2  **To: The Public, file on the Public Record**
3  Jurisdiction of the Court: Commerce
4                          **CERTIFICATION OF SERVICE**

5  I karl-burden: el bey certifies that on ⟦July 2021⟧, a copy of the following

6  document(s) was {served/Mailed} filed as follows:
   3rd motion For Removal of Counsel
7  Motion For Judicial Recusal/Disqualification
   Motion For Continuance
8  **1.** David J. Novack c/o Fernando Galindo -Clerk of Court – Hand –Delivered

9  **2.** Fernando Galindo Clerk of Court Hand-Delivered

10  **3.** G. Zachary Terwilliger/Kay Parekh – Mailed

11  **4.** Laura P. Tayman – Hand –Delivered

12

13  Via by: certified U.S. mail, return receipt requested

14  #          N A

15

16

17

18
19
20                          All Rights Reserved
21  :
22
23                          by: karl-burden: el bey -Sui Juris
24