**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
*Newport News Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 4:20cr17-001** |
| | ) | |
| **KARL BURDEN-EL BEY,** | ) | |
| a/k/a Carl L. Burden, | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF DEFENDANT WITH RESPECT TO SENTENCING**
**FACTORS, OBJECTIONS TO THE PRESENTENCE REPORT**
**AND MOTION FOR DOWNWARD VARIANCE**

Defendant Karl Burden-El Bey, by and through counsel, pursuant to this Court's Sentencing Guideline Order, submits this position with respect to the advisory sentencing guidelines and the statutory sentencing factors enumerated in 18 U.S.C. § 3553(a). Mr. Burden-El Bey entered a plea of not guilty to all counts of the Indictment and does not admit or agree that he knowingly committed any of the criminal acts charged in the Indictment for which he was convicted at trial. Accordingly, Mr. Burden-El Bey respectfully objects to the entirety of the offense conduct information contained in the Presentence Investigation Report (PSR).

In addition to considering the advisory sentencing guidelines, at sentencing the Court should consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). After considering Mr. Burden-El Bey's personal history and background the Court must "make an individualized assessment" as to the appropriate sentence. *Gall v. United States*, 552 U.S. 38, 53-60 (2007); *Pepper v. United States*, 562 U.S. 476 (2011). The Court's "overarching" duty is to impose a sentence that is "sufficient, but not greater than necessary to accomplish the goals of sentencing." *Kimbrough v. United States*, 552, U.S. 85, 101 (2007). Given Mr. Burden-El Bey's military service, his age and disability, and the non-violent nature of the offense, Mr. Burden-El Bey

respectfully requests a sentence which credits him for the time already served and allows for any additional incarceration to be served through home confinement during a period of three years of supervised release on Counts One through Thirty-One. Mr. Burden-El Bey respectfully requests a concurrent sentence of credit for the time already served on the misdemeanor tax offenses charged in Counts Thirty-two through Thirty-six. Mr. Burden-El Bey further requests that any restitution ordered by the Court be offset by any payments made to the Internal Revenue Service by any government taxpayer witnesses.

### I.     Procedural Background

Mr. Burden-El Bey was charged by indictment on March 10, 2020, with aiding and abetting in the preparation of false tax returns, in violation of Title 26, United States Code, Section 7206(2) (Counts One through Thirty), theft of $5,000.00 in government funds paid as a refund to taxpayers Stevie and Michon Blowe, in violation of Title 18, United States Code, Sections 641 and 2 (Count Thirty-One), and failing to file personal tax returns for the years 2013 through 2017, a misdemeanor offense in violation of Title 26, United States Code, Section 7203. He was arrested on March 12, 2020, and conditions of release were set by the Court. At arraignment on March 16, 2020, Mr. Burden-El Bey entered his plea of not guilty. On July 31, 2020, the Office of the Federal Public Defender was permitted to withdraw as counsel of record and the undersigned counsel was appointed. The government's motion to amend the indictment to reflect the defendant's legal name of Karl Burden-El Bey was granted on October 5, 2020. Trial was initially scheduled for February 1, 2021, but was continued for jury selection on July 6, 2021, and evidence to begin on July 7, 2021.

Trial commenced on July 6, 2021, and on July 9, 2021, the jury returned its verdict finding Mr. Burden-El Bey guilty on each of the pending counts of the Indictment. A Presentence

Investigation Report was directed, and a Sentencing Guideline Order was entered directing the parties to file sentencing pleadings fourteen days before sentencing. ECF 101. After the jury returned their verdict, the Court revoked Mr. Burden-El Bey's bond and remanded him to custody. During the time of his pre-trial release Mr. Burden-El Bey was fully compliant with the terms and conditions of release, although an allegation surfaced recently indicating that Mr. Burden-El Bey applied for a passport, the application was not granted, and a United States passport has not issued. Sentencing is scheduled for December 14, 2021, at 12:00 p.m. in Newport News before United States District Judge David J. Novak.

## II.  Sentencing Guidelines - Objections to Offense Conduct and Restitution

### A.  Objection Generally to Paragraphs 5 to 21.

In light of his plea of not guilty and decision to proceed to trial, Defendant objects generally to all of the information contained in the offense conduct section of his PSR, including Paragraphs 5 through 21, and Paragraphs 26, 27, 34 and 79. Mr. Burden-El Bey does not admit that he knowingly committed any of the criminal acts alleged in the Indictment. Mr. Burden-El Bey acknowledges that if the tax loss is determined to be $302,911, pursuant to U.S.S.G. §§2T1.1(a)(1) and 2T4.1(G) the base offense level would be 18. Mr. Burden does not admit that he was in the business of preparing tax returns such that the two-level enhancement pursuant to U.S.S.G. §2T1.4(b)(1)(B) applies, but he agrees that he is in Criminal History Category I. If the adjusted offense level is determined to be 20, with a Criminal History Category I, Defendant acknowledges that the advisory sentencing guidelines recommend a range of 33-41 months.

### B.  Objection to Paragraph 13.

In addition, Mr. Burden-El Bey specifically objects to the information contained in Paragraph 13 attributing an additional tax loss to Mr. Burden-El Bey of $53,668 based on four

3

taxpayer witnesses that did not testify at the trial. Mr. Burden-El Bey maintains that it is a violation of his Fifth and Sixth Amendment guarantees of due process and the right to confront the witnesses against him to include hearsay information from taxpayer witnesses that did not testify during his trial in his PSR. Without the additional tax loss from relevant conduct in Paragraph 13 which was not proven at trial, the government's estimation of the total tax loss would be only $249,243, which would reduce the base offense level from 18 to 16, pursuant to U.S.S.G. §§2T1.1(a)(1) and 2T4.1(F). If the offense level is reduced to 16, and the defendant does not receive a two-level enhancement for being in the business of preparing tax returns, the advisory sentencing guidelines would be reduced to 21-27 months. Defendant acknowledges that the inclusion of information not proven at trial has been approved by the Fourth Circuit and comports with the Federal Rules of Evidence. *United States v. Seay*, 553 F.3d 732, 741-42 (4th Cir. 2009); *see also* Fed. R. Evid. 1101(d)(3); *and* U.S.S.G. §6A1.3(a). Mr. Burden-El Bey seeks to preserve this claim for future litigation.

### C. Restitution – Request for Offset

While restitution of $5,000 on Count Thirty-one is mandatory, Mr. Burden-El Bey agrees with the United States that it is within the Court's discretion to forego restitution for the Title 26 tax violations charged in Counts One through Thirty, and Thirty-two through Thirty-six of the Indictment. Mr. Burden-El Bey asks that the Court consider his age, disability and financial condition and determine that he is not able to make restitution on these counts. Defendant also notes that any improper financial gains were realized by the government's taxpayer witnesses and he specifically objects to any restitution being ordered that is not offset by payments made to the Internal Revenue Service by the government's taxpayer witnesses for tax years 2013 through 2018.

### III.        Requests for Corrections to the PSR and Objection to Standard Condition 7

On November 16, 2021, Mr. Burden-El Bey requested the Probation Officer to correct his identifying data on page 3 of his PSR to reflect his race as "Native of the Land" because this is how he self-identifies, and to indicate that he has one dependent because he has previously provided financial support for his 92-year-old mother. Neither change was made by the United States Probation Office and Mr. Burden-El Bey respectfully requests that the Court make these changes to his PSR at sentencing. Mr. Burden-El Bey also requests that his PSR be clarified at page 18, Paragraph 51 to reflect that he is a life-long resident of Virginia, but during his military service he resided for periods of time in North Carolina, Georgia, Kentucky and Canada. This correction has not yet been made. Mr. Burden-El Bey also wishes to clarify at page 20, Paragraph 53 that his marital status is divorced and advises that his ex-wife filed the legal documents in or about 1998 and she has since remarried.

Mr. Burden-El Bey also specifically objects to Standard Condition Number 7 of Supervised Release which requires him to work full time during any period of supervised release ordered as part of his sentencing. Mr. Burden-El Bey is 66 years of age and receives a disability pension from the Department of Veterans Affairs and Social Security disability benefits. Defendant objects to this Standard Condition being included as a term of supervised release because of his disability.

### IV.        Statutory Sentencing Factors and Motion for Downward Variance

### A.  History and Characteristics of Defendant

Mr. Burden-El Bey is 66 years of age and has been determined by the Department of Veterans Affairs (VA) to be disabled. His 92-year-old mother resides in New York and his father passed away in 2011. He is the youngest of six siblings, two of whom reside in the Hampton Roads

area. He has an older brother that served in the United States Marines and an older sister that is employed as a corrections officer. He withdrew from high school to enlist in the United States Army but went on to earn his GED in 1978. PSR ¶s 61, 62. He served on active duty from 1972 until 1974, and then as a reservist from 1974 to 2003. During much of his military duty, he served as a military police officer before retiring with a rank of E-8. PSR ¶ 67. He has attended non-credit college classes at Thomas Nelson Community College, Tidewater Community College and Old Dominion University, but has not yet earned a college degree. PSR ¶s 63-66. While serving as a reservist, Mr. Burden-El Bey also worked in the private sector in various security positions. PSR ¶ 71.

Mr. Burden-El Bey grew up playing football, baseball and other sports. PSR ¶50. As an adult, he has participated in community outreach programs and coached youth football, basketball and softball teams. PSR ¶54. Mr. Burden-El Bey has consistently been a person that sought to give back to his community. He has an excellent relationship with his three children and his daughter Lakeisha describes him as her best friend.

### B. Medical Condition and Care

In 2012 Mr. Burden-El Bey was determined to be disabled by the Department of Veterans Affairs, and in 2019 he began receiving a supplemental Social Security disability benefit. PSR ¶ 72. Records from the VA have been reviewed by the United States Probation Officer. Mr. Burden-El Bey has been diagnosed with Post-Traumatic Stress Disorder (PTSD) and depressive disorder and suffers from back and shoulder region pain. He is also borderline Type 2 diabetic. His medical conditions, in particular his back injury which impact his legs, cause him to be at a high risk of falling. Mr. Burden-El Bey reports that his mobility problems are related to his fall from the back of a truck while on active duty. As a result of these injuries Mr. Burden-El Bey requires a scooter

or wheelchair for mobility. In or about 2010, Mr. Burden-El Bey was homeless until he began receiving care at the Hampton VA mental health campus. At the VA facility PTSD was diagnosed due to Mr. Burden-El Bey's exposure to an extremely violent training accident in the mid-1970's. Mr. Burden-El Bey's PTSD is triggered by loud noises and being around unfamiliar people. Both of which have been problematic at Western Tidewater Regional Jail.

While in custody at Western Tidewater Regional Jail (WTRJ) he has struggled with nightmares and recurring episodes of PTSD. PSR ¶s 56-59. Mr. Burden-El Bey's recent lack of sleep due to recurring nightmares and loud noises has negatively impacted his overall medical condition. He has lost almost 30 pounds since his bond was revoked on July 9, 2021. While the staff at WTRJ have attempted to accommodate his medical and dietary issues certain of the accommodations have been difficult. For example, WTRJ has provided him with a single cell in a medical unit, but it is directly adjacent to the pod for persons diagnosed with COVID-19 that are in quarantine.

Until his bond was revoked, he lived with the help of an aid in a single-family residence in Hampton, Virginia. A sentence which can be served in home confinement based on the non-violent nature of the offense would be sufficient to meet the goals of sentencing in this case. If a sentence of imprisonment in the Bureau of Prisons (BOP) is imposed, Defendant requests that the Court make recommendations in the Judgment to the BOP regarding his medical needs.

### C. Motion for Downward Variance

The PSR recommends a base offense level 20, which based on Mr. Burden El-Bey's criminal history of I, results in an advisory sentencing guidelines range of 33 to 41 months. Mr. Burden-El Bey respectfully requests that the Court downwardly depart from this advisory range and impose a sentence which can be served on home confinement. This would allow Mr. Burden-

El Bey to continue with medical care through the Department of Veterans Affairs and if necessary to receive inpatient care at the Hampton VA campus. Said period of home confinement could be ordered as a special condition of supervised release. Mr. Burden-El Bey's health has substantially declined since his bond was revoked and he was remanded to custody over five months ago. A sentence of home confinement with credit for the time served since July 9, 2021, adequately promotes respect for the law, provides just punishment and deterrence, but would also provide the defendant with the opportunity to continue with medical care through the VA.

### V.      Conclusion

Accordingly, Defendant Burden-El Bey respectfully requests that the Court sentence him to a term of imprisonment with credit for the time already served and the balance to be served on home confinement during a three-year period of supervised release on Counts One through Thirty-One, and a concurrent term of credit for time already served on Counts Thirty-two through Thirty-six. Mr. Burden-El Bey contends that a sentence that could be served on home confinement is sufficient, but not greater than necessary, to comply with the purposes of sentencing. If the Court imposes a sentence of incarceration in the Bureau of Prisons, Mr. Burden-El Bey respectfully requests that the Court make a recommendation to the Bureau of Prisons as part of his sentence for him to receive medical care for Post-Traumatic Stress Disorder, borderline type II diabetes, and shoulder and back pain while incarcerated.

Respectfully submitted,

KARL BURDEN-EL BEY

By:    _____/s/_____
       Laura P. Tayman
       Virginia State Bar No. 39268
       Attorney for Defendant Burden-El Bey
       Laura P. Tayman, PLLC

11815 Fountain Way, Suite 300
Newport News, VA 23606
Telephone Number: 757-926-5277
Facsimile Number: 757-544-9870
Email Address: laura@taymanlaw.net

## CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2021, I will electronically file the foregoing with the

Clerk of the Court using the CM/ECF system, which will then send an electronic notification

(NEF) of such filing to the following and all counsel of record:

Francesca L. Bartolomey
Trial Attorney
Department of Justice, Tax Division
150 M Street, N.E.
4 Constitution Square, Mail Stop: 1.1505
Washington, DC  20002
Tel. (202) 305-8803
Email: Francesca.L.Bartolomey@usdoj.gov

Brian J. Samuels
Lisa McKeel
Assistant United States Attorneys
United States Attorney's Office
721 Lakefront Commons, Suite 300
Newport News, VA 23606
Tel. (757) 591-4000
Email: brian.samuels@usdoj.gov
Email: Lisa_McKeel@usdoj.gov

I further certify that a copy of the foregoing Position with Respect to Sentencing Factors

will be sent via email to the following:

Kalyn Monreal
United States Probation Officer
United States District Courthouse
600 Granby Street, Suite 200
Norfolk, Virginia 23510
Email: kalyn_monreal@vaep.uscourts.gov

By: _____/s/_____
Laura P. Tayman
Virginia State Bar No. 39268
Attorney for Defendant Burden-El Bey
Laura P. Tayman, PLLC
11815 Fountain Way, Suite 300
Newport News, VA  23606
Telephone No. 757-926-5277
Laura@TaymanLaw.net